### EMIL KNEZEK v. THE STATE.

No. 3381. Decided December 20, 1905.

**Forgery—Instrument not Affecting Property Rights—Receipt—Judgment—Indictment.**

On trial for passing a forged instrument, to wit: a receipt, where the evidence showed that the receipt upon its face showed that it was given before the merging of the indebtedness, for which it purported to have been given, into a note and afterwards into a judgment, and that it could not possibly off-set the judgment or the note, and that therefore it could not affect the property rights of the parties and could not be a subject for forgery, the conviction could not be sustained. The allegations in the indictment did not comply with the law in charging this offense.

Appeal from the District Court of Lavaca. Tried below before Hon. M. Kennon.

Appeal from a conviction of passing a forged instrument; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief for appellant has reached the hands of the Reporter.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—The count in the indictment under which appellant was convicted charged him with fraudulently attempting to pass as true to L. Tempke, justice of the peace of precinct number 3 of Lavaca County, a forged and altered instrument in writing, to the tenor following: "Shiner, Sep. 29, 18900 (meaning thereby September 29, A. D., 1900), 'Received of Emil Knezek Twenty Dollars part spaement' (meaning thereby part payment), 'On O Count' (meaning thereby on account) '$20.00 ....... Joe Macha.'"

"And which said instrument in writing before the time the same was so altered and defaced was a genuine instrument in writing in existence which had theretofore been made, executed and delivered by Joe Macha to him, the said Emil Knezek, and was of the tenor following: 'Shiner, Sep 29 18900' (meaning thereby September 29, A. D., 1900), 'Received of Emil Knezek Ten Dollars part spaement' (meaning thereby part payment) 'On O Count' (meaning thereby on account) '$10.00' ..........Joe Macha." And the said Emil Knezek then and there well knowing that the genuine instrument in writing executed by the said Joe Macha as aforesaid had been altered and defaced as aforesaid, did then and there attempt to pass the same as true to him the said L. Tempke, justice of the peace aforesaid, with intent to injure and defraud; and he, the said Emil Knezek at the time he so attempted to pass as true the false and altered written instrument as above set out well knew that the said Joe Macha had on the 19th day of September, A. D., 1904, obtained a judgment in said justice court precinct number 3 of Lavaca County, Texas, before L. Tempke, justice of the peace thereof, against him the said Emil Knezek for a sum of more than $20, which was then and there a valid subsisting and unreceipted judgment against him, the said Emil Knezek, against the peace and dignity of the State."

He is charged with having attempted to pass this instrument on the first day of January, 1905. The date of altering or defacing the receipt declared upon is not stated in this count.

It is contended that the evidence does not show a violation of the law. The facts briefly rehearsed are these: Prior to the execution of this receipt (September 29, 1900), appellant had been trading with Joe Macha and on the 29th of September had paid him $10 on account, which was also evidenced by the face of this original receipt. On November 28, 1900, this account was merged into a note for $23.45. On September 19, 1904, said note was merged into a judgment. The receipt as originally given was for $10, and subsequently altered to make it read $20. There was no change in the date of the receipt, and the evidence does not show when it was changed; if it did, it would appear on the face of this instrument. It could not possibly be an offset to the judgment. All the financial matters between appellant and Macha, so far as this receipt is concerned, were merged into the note executed on November 28, 1900. This receipt could not have been an offset to that note. The matter had been settled between them and closed by the execution of the note. Much less could it have been an offset to the judgment. It is too late after judgment has been rendered, for offsets, discounts and matters of that sort to be brought in. Appellant could have raised this receipt to any amount he saw proper, even in excess of the judgment, and it could not possibly have affected the judgment. The instrument on its face shows that it was executed on the 29th of September, 1900: both the original and the alleged altered or defaced receipt. If this had been used as an

offset in the settlement between the parties at the time of their original settlement and as a means of reducing the note to the extent of $10, there might be something in the contention of the State. But this instrument could not alter or affect either the note or the judgment: all these matters were merged in the judgment and the status of the debt fixed. Under our forgery statute, it could not possibly have changed the financial status of either party or possibly have affected property from any standpoint.

We have not undertaken to criticise the defects in the indictment. A casual inspection would indicate it does not sufficiently charge the offense. The allegations do not comply with the law in charging this offense. Because the evidence does not sustain the conviction, the judgment is reversed and the cause remanded.

*Reversed and remanded.*